IN THE 9TH JUDICIAL CIRCUIT COURT,
IN AND FOR ORANGE COUNTY, FLORIDA

**ANISSA HILTON,**

     **Plaintiff,**                                           Case No.: 2018-CA-004556-O

vs.

**RESEARCH INSTITUTE OF
CENTRAL FLORIDA, LLC, and
GPS MEDICAL, LLC,**

     **Defendants.**                     /

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, ANISSA HILTON ("Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint against Defendants, RESEARCH INSTITUTE OF CENTRAL FLORIDA, LLC, ("Defendant Research Institute"), and GPS MEDICAL, LLC, ("Defendant GPS Medical"), (hereinafter collectively referred to as "Defendants"), and alleges the following:

1. Plaintiff brings these claims for race-based discrimination and retaliation against Defendants as joint employers for Defendants' unlawful discrimination and retaliation against Plaintiff based upon her race, and objections to same, in violation of 42. U.S.C. 1981 ("1981"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's claims as they arise under violations of federal law, and the actions giving rise to this lawsuit occurred in Seminole County, Florida.

1

3. Venue is proper because Defendants' conduct substantial business in Seminole County, Florida, and Plaintiff worked for Defendants in Seminole County, Florida, where the actions at issue took place.

## PARTIES

4. Plaintiff is an adult individual who resides in Seminole County, Florida.

5. Plaintiff is protected by 1981 because:

   a. She is a Black/African American female who suffered discrimination and harassment based on race by Defendants;

   b. Plaintiff objected to this race-based discrimination/harassment;

   c. Plaintiff suffered adverse employment action because of discrimination/harassment and was fired for objecting to same.

6. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of 1981.

7. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of 1981.

8. Defendant Research Institute is a Florida Limited Liability Company that operates and conducts business in, among other places, Seminole County, Florida, and is an "employer" as envisioned by 1981 and is within the jurisdiction of this Court.

9. Defendant GPS Medical is a Florida Limited Liability Company that operates and conducts business in, among other places, Seminole County, Florida, and is an "employer" as envisioned by 1981 and is within the jurisdiction of this Court.

10. At all times material hereto, Defendant GPS Medical was continuously a joint employer with Defendant Research Institute, where both generally controlled the terms and conditions of the employment of Plaintiff.

11. At all times material hereto, Defendant GPS Medical and Defendant Research Institute shared: a common owner, common office/facility space, overlapping officers and directors, common managerial and office staff, jointly coordinated scheduling, and jointly controlled operations.

12. At all times material hereto, Defendant GPS Medical and Defendant Research Institute had an arrangement to jointly share Plaintiff's services, and jointly exercise authority and control over Plaintiff's scheduling, payroll, and general working conditions, which often included an arrangement to have Plaintiff simultaneously complete tasks for both Defendants.

## CONDITIONS PRECEDENT

13. Pursuant to 1981, Plaintiff timely files this amended complaint within the applicable period of limitations against Defendants.

14. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

15. Plaintiff worked for Defendants from September 27, 2016, until her wrongful termination on December 11, 2017.

16. In all respects, Plaintiff was an excellent employee and was deeply devoted to her position.

17. During her employment, Plaintiff was repeatedly subjected to race discrimination and harassment, in the form of disparate treatment and direct discrimination.

18. Plaintiff, Defendants' only Black/African-American employee, was repeatedly subjected to offensive comments related to her race by Defendants' Office Manager Sue Dunnington (White), such as when Ms. Dunnington referred to Plaintiff as Defendants' "black sheep," to explain why Defendants purposely updated every employee except for Plaintiff on changes to Defendants' hours of operation.

19. Ms. Dunnington also had a history of making discriminatory comments about African-Americans while employed by Defendants, such as using the term "ghetto," and the "n-word."

20. Furthermore, Ms. Dunnington treated Plaintiff differently and inferior to non-Black/African-American employees/counterparts.

21. Ms. Dunnington, who was Plaintiff's supervisor, treated Plaintiff with more hostility, and greater scrutiny than non-African-American employees; she often ignored her during office hours, and she frequently used curt and unprofessional tones when speaking with her at the office as compared to the manner in which she spoke to Plaintiff's non-Black/African-American counterparts.

22. On Friday, December 8, 2017, Plaintiff met with Ms. Dunnington, and Dr. Gregory Samano, (dual owner of both Defendant GPS and Defendant Research Institute) at the workplace, to object to the foregoing discrimination/harassment, or what she reasonably believed/perceived to be harassment/discrimination.

23. In this meeting, Plaintiff explicitly objected to the hostile, discriminatory comments made to her related to her race, as well as the disparate treatment she was subjected to because of her race.

24. In response to her objections, Dr. Samano and Ms. Dunnington refused to take any corrective action, and Plaintiff's objections were rudely dismissed.

25. The very next day business day, Monday, December 11, 2017, Dr. Samano met with Plaintiff in his office.

26. In this meeting, Plaintiff reiterated her concern to Dr. Samano that the hostile treatment she had been subjected to at the office was based on her race, and/or that she reasonably believed she was being treated in a disparate manner based on her race.

27. She then informed Dr. Samano that she intended to file a charge of race-based discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), as was her right.

28. She also informed Dr. Samano that she had also consulted with an attorney regarding same.

29. Immediately upon being informed of same, Dr. Samano summoned his in-house attorney, Jessica Kendrick, into his office.

30. When Ms. Kendrick, who is a witness to this litigation and the facts contained herein, entered the office, Dr. Samano asked Plaintiff to repeat her last statement to Ms. Kendrick.

31. Plaintiff, once again, repeated to Ms. Kendrick and Dr. Samano, that she felt discriminated against and harassed based on her race, that she intended to file a charge of race-based discrimination with the EEOC, and that she had consulted with an attorney, regarding same.

32. Immediately upon hearing Plaintiff's statement, Ms. Kendrick instructed Plaintiff that she was terminated from employment with Defendants, effective immediately.

33. Plaintiff was then instructed to collect her things and exit the building, immediately.

34. Plaintiff was terminated as a direct result of her objection to Defendants' illegal race discrimination against her, and/or what she reasonably believed to be race discrimination, and her intention to file a charge of race-based discrimination with the EEOC.

35. By reasons of the foregoing, Defendants' actions, and non-actions, violated 1981.

36. At all material times hereto, Plaintiff was ready, willing, and able to perform her job duties and otherwise qualified for her positions.

37. Defendants do not have a non-discriminatory, and/or non-retaliatory rationale for terminating Plaintiff's employment.

38. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her race and her opposition to Defendants' illegal practices.

**COUNT I: RACE-BASED DISCRIMINATION UNDER 42 U.S.C. 1981**

39. Plaintiff realleges and adopts the allegations contained in Paragraphs 1-38 as if fully set forth in this Count.

40. The acts of Defendants by and through their agents and employees, violated Plaintiff's rights against race discrimination and retaliation under 1981.

41. The discrimination to which Plaintiff was subjected was based on her race, Black.

42. The retaliation which she suffered was as a result of her objections to this race-based discrimination.

43. The conduct of Defendants, their agents and employees, proximately, directly and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter them, and others, from such conduct in the future.

45. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 1981.

46. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court will:

47. Issue a declaratory judgment that the discrimination and disparate treatment against Plaintiff by Defendants was a violation of Plaintiff's rights under 1981;

48. Require that Defendants make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through and award of front pay;

49. Grant Plaintiff a judgment against Defendants for damages, including punitive damages;

50. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendants pursuant to 1981;

51. Provide any additional relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 25th day of April 2019.

/s *NOAH STORCH*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Robert D. Pecchio, Esq.
Florida Bar No. 1005955
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: robert@floridaovertimelawyer.com

*Counsel for Plaintiff*